UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN COOLEY,

        Petitioner,

v.                                                    Case No. 25-cv-0478-bhl

WARDEN GIERACH,

        Respondent.

## SCREENING ORDER

On April 1, 2025, Petitioner Alvin Cooley, a state prisoner currently incarcerated at Kettle Moraine Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On April 23, 2025, after reviewing Cooley's trust fund account statement, the Court denied his IFP motion. (ECF No. 6.) Cooley has since paid the $5.00 fee, and his petition is now ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Shaw's petition. Under the rule:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As part of the screening process, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm whether those claims are timely and have been exhausted in state court.

## PETITIONER'S ALLEGATIONS

Cooley was sentenced on December 19, 2018, after being found guilty of two counts of vehicle operator flee/elude officer; three counts of second-degree recklessly endangering safety; three counts of bail jumping; two counts of battery; two counts of disorderly conduct; and one count of criminal damage to property. (ECF No. 1 at 2.)

Cooley appealed his conviction on December 20, 2018, arguing that the circuit court violated his rights by removing him from the courtroom during his trial and that his right to counsel was violated when his trial counsel failed to object to his removal. (*Id.* at 3); *see also State v. Cooley*, 18 N.W.3d 432 (Wis. Ct. App. 2024) (unpublished table decision). On November 5, 2024, the Wisconsin Court of Appeals summarily affirmed his conviction. *Cooley*, 18 N.W.3d at *4. On March 13, 2025, the Wisconsin Supreme Court denied his petition for review. (ECF No. 1-1 at 37.)

Cooley asserts two grounds for habeas relief. First, he contends that his rights under the Confrontation Clause were violated when he was removed from the courtroom during his criminal trial. (*Id.* at 6.) Second, he claims that his Sixth Amendment right to effective counsel was violated because his trial counsel failed to raise several arguments at trial. (*Id.* at 7.)

## ANALYSIS

To pursue federal habeas relief, a petitioner must establish that he has both filed the petition timely and exhausted his state court avenues of relief for all claims presented. *See* 28 U.S.C. §§2244(d)(1), 2254(b)(1)(A). Cooley's claim that his right to confrontation was violated is timely and appears to have undergone one full round of review in the Wisconsin courts. Because the Court cannot conclude from his petition that Cooley is plainly not entitled to relief on this ground, he may proceed with this claim on habeas. Cooley's claim for ineffective assistance of counsel, however, has not been exhausted. Other than his contention that counsel failed to object to his removal from the courtroom, Cooley did not otherwise raise issues with his trial counsel's performance during his state court appeals.

Generally, when a petitioner either fails to exhaust his available state remedies or has not raised all claims in a habeas petition in the state courts, "his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). In limited circumstances, however, where dismissal would essentially bar a future habeas case because of the statute of limitations, a district court may instead stay the case and provide the petitioner the

opportunity to exhaust the remaining claims. *Rhines v. Weber,* 544 U.S. 269, 275–78 (2005). Before dismissing Cooley's petition, the Court will allow him the chance to abandon his unexhausted claim and proceed with only his fully exhausted claim. In the alternative, Cooley may move for a stay of his habeas case to allow him more time to exhaust his ineffective assistance claim in state court.

Cooley must take one of these steps within thirty (30) days of the date of this Order. If he fails to do so, the Court will dismiss the case as a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982). The Court cautions Cooley that even if he moves for a stay and abeyance to allow him to exhaust his state court remedies, the Court may not grant his motion. The Supreme Court has emphasized that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. A stay and abeyance will be granted only if the court determines there is "good cause for the petitioner's failure to exhaust his claims first in state court," and even then, only if the unexhausted claims are not "plainly meritless." *Id.* The Court makes no promises that it will grant a stay request.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Cooley shall have thirty (30) days following the filing of this Order to (1) advise the Court that he wishes to abandon any claim he has not exhausted and proceed in this case with his exhausted claims; or (2) move to have the case stayed while he pursues his unexhausted claim of ineffective assistance of counsel in state court.

Dated at Milwaukee, Wisconsin on June 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge