UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN COOLEY,

               Petitioner,

v.                                                                                                                    Case No. 25-cv-0478-bhl

WARDEN GIERACH,

               Respondent.

## ORDER

On April 1, 2025, Petitioner Alvin Cooley, a state prisoner incarcerated at Kettle Moraine Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) His petition asserted two grounds for relief based on violations of: (1) his Confrontation Clause rights and (2) his Sixth Amendment right to effective assistance of counsel. (*Id.* at 6–7.) The Court screened Cooley's complaint, noted that his Sixth Amendment right to effective assistance of counsel was unexhausted, and gave Cooley the option of proceeding with just his Confrontation Clause claim or moving for a stay to allow him time to exhaust. (ECF No. 7 at 4.) Cooley responded that he wished to proceed with his Confrontation Clause claim only. (ECF No. 8.) Accordingly, on July 8, 2025, the Court ordered Respondent to respond to the petition and set a briefing schedule. (ECF No. 9.)

On July 29, 2025, Respondent answered the petition. (ECF No. 12.) Under the Court's July 8 order, Cooley's opening brief is due on September 12, 2025. (ECF No. 9 at 2.) Cooley has not yet filed his opening brief, but he has filed two motions, which suggest he is confused about habeas procedure. On September 5, 2025, Cooley filed a Motion to Reconsider or Vacate Judgment. (ECF No. 13.) Then, on September 8, 2025, he filed a Motion for an Extension of Time, signed not by Cooley but by another prisoner named Deloren Bryson. (ECF No. 14.)

Cooley's first Motion to Reconsider or Vacate Judgment is problematic because the Court has not issued a judgment or other substantive ruling in this case. The only ruling even potentially touching on the merits is the Court's screening order. The Court will treat Cooley's filing as a motion for relief from final judgment under Fed. R. Civ. P. 60(b) and, because there is no "final

judgment" yet entered in this case, will deny the motion. The Court encourages Cooley to focus on preparing and filing his opening brief in support of his petition rather than littering the docket with unnecessary motion practice. The Court will also deny his Motion for Extension of Time. As an initial matter, the filing is ineffective because Cooley did not sign it. Even if he has another prisoner helping with his case, that prisoner, because he is not a lawyer, cannot appear or represent Cooley. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). The Court therefore cannot grant a motion for an extension of time entered by a nonlawyer on Cooley's behalf.

Because Cooley is proceeding without an attorney and seems confused by habeas procedure, the Court will grant him a one-time, thirty (30) day extension of the deadline to file his opening brief. That brief is now due on or before **October 10, 2025**. If Cooley fails to file an opening brief by that deadline, his case may be dismissed for failure to prosecute. *See* Civ. L. R. 41(c). Accordingly,

**IT IS HEREBY ORDERED** that Cooley's Motion to Reconsider or Vacate Judgment, ECF No. 13, is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for an Extension of Time, ECF No. 14, is **DENIED**.

**IT IS FURTHER ORDERED** that Cooley's opening brief in support of his petition is due on or before **October 10, 2025**. If Cooley fails to file an opening brief, his case may be dismissed for failure to prosecute. *See* Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on September 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge